Nancy R. Simel
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Nancy_Simel@law.state.ak.us

Attorney for Defendants Anchorage District Attorney's Office & Parkes

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM G. OSBORNE,<br><br>    Plaintiff,<br><br>    vs.<br><br>DISRICT ATTORNEY'S OFFICE OR THE THIRD JUDICIAL DISTRICT, ANCHORAGE,ALASKA; SUSAN A. PARKES, DISTRICT ATTORNEY, in her official capacity; ANCHORAGE POLICE DEPT., ANCHORAGE, ALASKA; WALT MONEGAN, ANCHORAGE POLICE DEPT.<br><br>    Defendants. | Case No. 3:03-cv-00118-RRB<br><br><u>MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS</u> |

Plaintiff William Osborne stands convicted by an Alaskan jury of two counts of first-degree sexual assault, one count of kidnapping, and one count of first-degree assault. Osborne filed a civil rights complaint under 42 U.S.C. § 1983 for an injunction requiring the state defendants to provide him with access

1

to certain items of evidence so that he can subject it to post-conviction DNA testing. More specifically, Osborne seeks access to three items of evidence – sperm from a condom found at the scene on the night after the crimes occurred, a hair found on the outside of this condom, and a hair recovered from a sweater that the victim probably was wearing on the night that the offenses occurred. He intends to subject these items of evidence to short tandem repeat (STR) DNA testing and possibly mitochondrial DNA testing, methods of DNA testing that were developed after his trial.

Osborne also has a pending application for post-conviction relief in the Alaska Superior Court. *Osborne v. State*, No. 3AN-97-0636 CV. In that court, as in this court, Osborne is seeking access to the same three items of evidence so that he can subject it to the same DNA tests he asks this court to permit him to conduct. The Alaska Superior Court proceedings will probably be resolved within the next few months. [Attachment A] Once that occurs, the Alaska Court of Appeals will resume consideration of Osborne's post-conviction claims.

For the following reasons, this court should either grant abstention under the *Pullman* abstention doctrine or stay resolution this case under the theory of *Colorado River* until after the state court proceedings have been completed.

In *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), the United States Supreme Court held that

abstention by a federal court is necessary when a state law is uncertain, and a state court's clarification of that law might make a federal court's constitutional ruling unnecessary. Under such circumstances, the federal court should send the state law question to the state court for determination before resolving the federal constitutional question. The main purpose of *Pullman* abstention is to avoid, if possible, a federal court's declaring a state statute unconstitutional before giving the state courts a chance to interpret it narrowly. *See United Parcel Service, Inc. v. California Public Utilities Comm'n*, 77 F.3d 1178, 1183 (9th Cir. 1996). *Pullman* abstention is appropriate when: (1) the complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open; (2) such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy; and (3) the possibly determinative issue of state law is unsettled. *See Sinclair Oil Corp. v. County of Santa Barbara*, 96 F.3d 401, 409 (9th Cir. 1996).

Osborne's complaint touches a sensitive area of social policy for both the state and the federal courts. With respect to this court, his complaint raises the question of whether the federal constitution affords a prisoner the right to engage in post-conviction DNA testing of evidence and, if so, what are the contours of such a right. The relief requested is identical in both actions – release of the evidence so that it can be subjected to DNA testing. The state issue implicated by Osborne's complaint is the similar, except under the Alaska

Constitution – whether Alaska's post-conviction statutes must be given a narrowed construction to afford a defendant a limited state due process right to post-conviction DNA testing and, if so, how must the statutes be narrowed – and Osborne is currently litigating these issues in the Alaska Superior Court. Resolution of the difficult federal constitutional questions raised by Osborne's civil rights complaint may well be avoided by staying this case until the state issue is resolved.

Alternatively, this court should as a matter of discretion stay the proceedings under the *Colorado River* abstention theory. In *Colorado River Water Conservation Disrictt. V. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1975), the United States Supreme Court held that under limited circumstances it may be appropriate, as a matter of "wise judicial administration" and giving regard to the conservation of judicial resources, to stay a federal suit because of the existence of a concurrent state proceeding.

In determining whether to stay or dismiss proceedings under *Colorado River*, a court must consider: (1) whether the state and federal suits are substantially similar; (2) whether staying or dismissing would avoid piecemeal litigation; (3) whether there is a risk of conflicting results; (4) whether the state proceeding is adequate to protect the parties' rights; (5) whether state or federal law provides the rule of decision on the merits; (6) the order in which the forums obtained jurisdiction; and (7) whether the federal suit was filed in an attempt to forum shop or avoid adverse rulings by the state court. *Colorado*

5

*River*, 424 U.S. at 818, 96 S.Ct. at 1246; *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 15-17, 23-27, 103, S.Ct. 927, 936-37, 941-43, 74 L.Ed.2d 765 (1983); *Nakash v. Marciano*, 882 F.2d 1411, 1415, 1417 (9th Cir. 1989). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818-19, 96 S.Ct. at 1247 (citations omitted). The factors are to be applied in "a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." *Nakash*, 882 F.2d at 1415 (internal quotations omitted).

Although the two actions are not entirely parallel, exact parallelism is not required. *See Nakash*, 882 F.2d at 1416. The two actions are substantially similar. Both the state post-conviction action and the instant federal civil rights litigation are addressing whether Osborne is entitled to have the evidence submitted to post-conviction DNA testing and if so, under what circumstances and conditions. The state action is the more comprehensive of the two actions because it also can address whether favorable DNA test results could establish whether Osborne is actually innocent and whether Osborne would be entitled to vacation of his conviction if any DNA test results are favorable. For this same reason – the more comprehensive nature of the state litigation – staying this action would avoid piecemeal litigation. It is obvious that there is a risk of inconsistent results if both lawsuits are to proceed simultaneously. The state proceeding is not inadequate to protect the parties'

6

rights. In fact, the state action is affording Osborne careful consideration of his claims and a remand proceeding. The Alaska Superior Court is a court of general jurisdiction that is empowered to hear any issue of law, including federal law. Although the state litigation, at this time, is primarily concerned with state law, while the instant litigation is solely concerned with federal claims, this factor does not weigh heavily against the issuance of a stay. The state litigation has already considered the federal claims (albeit resolving them adversely to Osborne). Moreover, the state court's resolution of Osborne's federal claims is not final. The Alaska Court of Appeals has retained jurisdiction of the case pending resolution of the remand proceedings in the Alaska Superior Court. Once the Alaska Court of Appeals concludes its consideration of the case, Osborne will have an opportunity to petition the Alaska Supreme Court for review of any adverse rulings, including those on his federal claims. The state court proceeding was instituted well before the federal court proceedings and has progressed much further than the federal court proceedings. Finally, it appears that the federal action was filed in an attempt to forum shop or to avoid adverse rulings entered by the Alaska courts. The Alaska Superior Court (and later the Alaska Court of Appeals) rejected Osborne's claim that he has a federal constitutional right to conduct post-conviction DNA testing. Osborne filed the instant action only after receiving an adverse ruling on his federal claims from the Alaska Superior Court. Under these circumstances, the balance weighs

heavily in favor of staying the federal proceedings until the state court proceedings are completed.

This court accordingly should stay this action until the state court proceedings are completed.

DATED February 17, 2006, at Anchorage, Alaska.

> DAVID W. MÁRQUEZ
> ATTORNEY GENERAL
>
> s/ Nancy R. Simel
>     Assistant Attorney General
>     State of Alaska, Dept. of Law
>     Office of Special Prosecutions
>        and Appeals
>     310 K St., Suite 308
>     Anchorage, Alaska 99501
>     Telephone: (907) 269-6250
>     Facsimile: (907) 269-6270
>     e-mail: Nancy_Simel@law.state.ak.us
>     Alaska Bar. No. 8506080

**Certificate of Service**

I hereby certify that on February 17, 2006, a copy of the foregoing Memorandum in Support of Motion to Stay Proceedings was served electronically on **Randall S. Cavanaugh, Mary B. Pinkel, Robert C. Bundy** and on **David Menschel, Peter J. Neufeld and Colin Starger at Cardozo School of Law 55 5th Avenue, 11th Floor New York, NY 10003** by regular U.S. mail.

s/ **Nancy R. Simel**