IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| WILLIAM OSBORNE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF ALASKA, | ) |
| | ) |
| Respondent. | ) |

RECEIVED

JUN 2 4 2002

KRAMARDES & LAMBERT, INC.

Case No. 3AN-97-00636 CI

## ORDER OF DISMISSAL

William Osborne was convicted of kidnapping, assault, and sexual assault in 1994. Case No. 3AN-93-02339 CR. Sidney Billingslea was Osborne's trial attorney. Osborne seeks post-conviction relief on grounds that Billingslea provided ineffective assistance of counsel at trial.

Counsel appointed to represent Osborne in these post-conviction relief proceedings reports that he believes there may be merit with regard to a portion of Osborne's claims: that Billingslea provided ineffective assistance of counsel by failing to seek to preclude the admission of the State's hair comparison evidence and by failing to test the DNA evidence under the more precise RFLP genetic testing method in addition to the PCR method that had been employed by the State. Counsel has also filed supplemental reports addressing issues of due process and methods for testing mitochondrial DNA that have been developed since Osborne's trial. He has also reported that the Office of Public Advocacy is willing to pay for the additional genetic testing of evidence in this case. Counsel reports that, in his view, Osborne cannot

demonstrate ineffective assistance of counsel with regard to the other claims asserted by Osborne. Osborne disputes his attorney's assessment of these other post-conviction relief claims. These claims include Osborne's assertion that his trial attorney provided ineffective assistance of counsel by failing to file a motion to suppress evidence seized from his room at the military base, failing to move to dismiss Count XII of the indictment, failing to move for separate trials for Osborne and his co-defendant Dexter Jackson, failing to adequately investigate in preparation for trial, and refusing to allow Osborne to testify on his own behalf.

The State has moved to dismiss this case. The State may move for dismissal of an application for post-conviction relief, rather than responding on the merits, when the application appears on its face to be deficient. When "an application for post-conviction relief alleges potential mistakes or oversights on the part of trial counsel but does not go on to allege facts ruling out the possibility of sound tactical choice, it fails to set out a *prima facie* case." State v. Jones, 759 P.2d 558,570 (Alaska App. 1988).

The seminal case for ineffective assistance of counsel in Alaska is Risher v. State, 523 P.2d 421 (Alaska 1974). That case established a two-pronged standard for evaluating ineffective assistance of counsel claims. The first prong requires the petitioner to prove that the performance of trial counsel fell below an objective standard: counsel must perform at least as well as a lawyer with ordinary training and skill in criminal law and must conscientiously protect [the] client's interests, undeflected by conflicting considerations." Risher, 523 P.2d at 424. "Representation is constitutionally deficient only when it falls outside the wide range of professionally competent assistance. Thus, in order to prove ineffective assistance of counsel, the accused must

establish a level of performance that no reasonably competent attorney would provide."

State v. Jones, 759 P.2d 558, 568 (Alaska App. 1988)(citations omitted).

"In evaluating trial counsel's conduct, the court must apply a strong presumption of competence. An integral component of the presumption of competence is the further presumption that trial counsel's actions were motivated by sound tactical considerations. . . In the absence of evidence ruling out the possibility of a tactical reason to explain counsel's conduct, the presumption of competence remains unrebutted and operates to preclude a finding of ineffective assistance." Id., 759 P. 2d at 569. Thus, "if it appears that counsel's actions were undertaken for tactical or strategic reasons, they will be virtually immune from subsequent challenge, even if, in hindsight, the tactic or strategy appears to have been mistaken or unproductive." Jones, 759 P.2d at 569.

The second prong requires a showing of prejudice. "There must be a showing that the lack of competency contributed to the conviction." Risher, 523 P. 2d at 525. This prong requires the accused "make a specific factual showing that counsel's incompetence had some actual, adverse impact on the case – that is, the accused must prove some effect of the challenged conduct on the reliability of the trial process." Jones, 759 P. 2d at 573, (citations omitted).

The petitioner must prove the factual allegations with regard to each of the above two prongs by clear and convincing evidence. However, that standard is inapplicable at this first stage of the post conviction relief proceedings, in which the State is seeking to dismiss the petition for failure to state a *prima facie* case of ineffective assistance. Summary disposition is appropriate when the "pleadings, depositions, answers to

interrogatories, and admissions and agreements of fact; together with any affidavits submitted [demonstrate] there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Criminal Rule 35.1(f)(3).

Osborne claims that his trial attorney provided ineffective assistance by failing to file a posse comitatus motion for the suppression of evidence seized from his room in the military barracks. Although it may be the case that another attorney would have moved for suppression of that evidence, the law presumes that Osborne's trial attorney's failure to do so was motivated by tactical considerations. And the materials before this court are consistent with that presumption. In her affidavit of March 12, 2001, Osborne's trial attorney unequivocally stated that "it was a strategic decision not to file motions to suppress items seized from Osborne's room on the military base: his clothing had a total absence of trace evidence linking him to the crime scene or victim. I wanted that to be known to the jury. . . ". Osborne's allegations, even if true, fail to establish that trial counsel's tactical decision was a level of performance that no reasonably competent attorney would provide. Nor has Osborne established that the seizure of the items from his room was unlawful, particularly since Osborne's roommate consented to the search of the room and signed the waiver form. Osborne has similarly failed to create a reasonable doubt as to whether suppression of the items would have altered the jury's decision. See Tucker v. State, 892 P.2d 832, 834 (Alaska App. 1995). Therefore, Osborne has failed to set forth a *prima facie* case of ineffective assistance of counsel on this claim.

Osborne also asserts his trial attorney was ineffective in failing to request that he be tried separately from his co-defendant Jackson. Jackson had given a statement

admitting his criminal conduct and naming Osborne as the man who committed the crimes with him. The law presumes that Osborne's trial attorney's failure to seek separate trials was motivated by tactical considerations. In her affidavit to this court, Osborne's trial attorney stated that she chose to proceed with a single trial so that Jackson and his prior statement would not be used against Osborne. Osborne insists that severance of the trials was necessary on grounds that his defense was irreconcilable with Jackson's defense. But Osborne's allegations, if true, still fail to establish that his trial counsel's failure to seek separate trials was anything other than a sound tactical decision. And as it was, Jackson's statement was not used at trial. Osborne has failed to set of a *prima facie* case of ineffective assistance of counsel on this claim.

Osborne also asserts that his trial attorney provided ineffective assistance by failing to move to dismiss Count XII of the indictment against him. However, Osborne was acquitted of Count XII. Osborne's post-conviction relief claim is not supported by assertions that would establish either that his trial attorney provided ineffective assistance by failing to move to dismiss this count of the indictment or that Osborne was prejudiced when no such motion was filed.

At Osborne's trial, the State introduced hair comparison evidence demonstrating that hairs consistent with Osborne's hair were found on the victim's clothing. Osborne asserts that his trial attorney should have attempted to keep out such evidence. His trial attorney has stated that she did not move to prevent the use of hair comparison evidence for tactical reasons. She has stated that in making her decision, she knew of a different case tried shortly before Osborne's case in which the expert from the State

crime lab had admitted that hair comparison was inexact and that the expert had erroneously "matched" hair samples from two different people. Osborne's trial attorney has also stated that when preparing for trial she believed Osborne would be helped by the fact that Negroid hairs different from Osborne's were also found on the victim's clothing. The facts alleged in Osborne's application on this issue, even if true, would not justify a finding that his trial counsel rendered constitutionally deficient performance. Thus, no *prima facie* case has been established on this claim.

Evidence in the criminal case against Osborne included semen on a condom found at the crime scene. The State undertook PCR DNA testing on the semen. These test results concluded that Osborne could be a possible donor of the semen. Osborne's trial attorney did not seek to have the semen tested using the more precise RFLP DNA testing method available at the time of trial. Osborne now asserts that his trial attorney provided ineffective assistance by failing to seek this more precise RFLP genetic testing. Osborne's trial attorney has stated that in preparation for Osborne's trial she met with the DNA expert from the State crime lab, reviewed DNA research articles, and conferred with a Fairbanks public defender who was litigating the scientific basis of DNA testing. She has stated that she believed that the results using the PCR DNA testing were more favorable to Osborne than the likely result would have been had the RFLP DNA testing method been used. Trial counsel was concerned that if the evidence had been sent to the FBI Lab for RFLP testing, the results could have been even more conclusive against Osborne than the PCR DNA test results, thereby nullifying Osborne's misidentification defense. Accordingly, Osborne's trial attorney has stated that she chose to forego RFLP DNA testing because she disbelieved Osborne's statement that

he did not commit the crime and elected to avoid the possibility of obtaining DNA test results that might have confirmed Osborne's culpability. In her words, trial counsel concluded, "Osborne was in a strategically better position without RFLP DNA testing." Osborne's trial attorney has stated that she discussed DNA testing issues with Osborne both in person and on the phone and that even if Osborne had desired more precise testing, she would have disagreed with that strategy and preferred the lower odds of the less-precise testing that was done. Osborne's assertions regarding his trial attorney's preparations are consistent with the legal presumption that she decided for tactical reasons to forego more precise genetic testing of physical evidence and to argue that the testing conducted by the State was inconclusive as to Osborne. There is no basis in the record to support a finding that trial counsel's strategic decisions were incompetent. Osborne has not asserted facts necessary to a *prima facie* case of ineffective assistance of counsel based on failure to arrange for more precise genetic testing.

Nor does Osborne's trial counsel's tactical decision to forego seeking such additional testing of the DNA constitute a denial of due process to Osborne. There is no indication that Osborne had requested and was denied access to the government's evidence in the preparation of his case. Cf. Ake v. Oklahoma, 470 U.S. 68 (1985).

Osborne asserts that his trial attorney provided ineffective assistance of counsel by preventing him from testifying on his own behalf. Osborne waived his right to testify on the record after being properly questioned. But Osborne asserts that he chose not to testify after consulting with his trial attorney who had discouraged him from testifying by telling him that she was not prepared for such testimony. These allegations, if true, are insufficient to establish a prima facie case of ineffective assistance of counsel based on

William Osborne v. State of Alaska, Case No. 3AN-97-00636 CI
*Order of Dismissal*

an alleged failure to advise Osborne regarding his right to testify in his own defense. See Mute v. State, 954 P. 2d 1384 (Alaska App. 1998).

Osborne asserts that his trial attorney provided ineffective assistance by failing to adequately investigate facts and interview witnesses in preparation for trial. Osborne's trial attorney is presumed to have acted competently. Newby v. State, 967 P.2d 1008, 1015 (Alaska App. 1998). To make a *prima facie* case of ineffective assistance of counsel, Osborne must assert facts demonstrating that his trial attorney's representation was "outside the wide range of professionally competent assistance." Jones, 759 P.2d at 568. Osborne asserts that the defense team should have interviewed Captain Prinns to verify that Osborne was ordered to consent to the search of his room, should have interviewed another woman who had purportedly been raped by Jackson and someone other than Osborne, and should have located Michelle H. who met Osborne on the night of the alleged crime. Counsel for Osborne has stated that Osborne's trial attorney retained two investigators, but that one of the investigator's files now lacks investigative notes. Although Osborne has identified some trial preparation steps that could have been but were not taken, Osborne has not alleged facts suggesting that his trial attorney's investigation of the case was "outside the wide range of professionally competent assistance." Jones, 759 P.2d at 568.

Counsel for Osborne has moved this court to order that the physical evidence presented at Osborne's trial be retested with methods that were not available at the time of Osborne's trial in order to determine whether Osborne was prejudiced by his trial attorney's failure to seek more precise genetic testing of the State's evidence. Under the circumstances of this case, in which Osborne's trial counsel made a strategic

decision to reject more precise genetic testing methods that were available at the time of trial, and Osborne has not alleged facts satisfying the elements of a prima facie case that his trial attorney's representation was deficient, Osborne's request that this court order the State's evidence to be re-tested using newly available methods is DENIED.

For the foregoing reasons, William Osborne's application for post-conviction relief is DENIED.

Entered at Anchorage, Alaska this 20th day of June 2002.

Sharon Gleason

Sharon L. Gleason
Superior Court Judge

I certify that on ___6/21/02___ a copy
of the above was mailed to each of the following at
their addresses of record (list names if not an agency)
☐CSED ☑AG ☐PD ☑DA Kitchen
Cavanaugh Avile
Administrative Assistant

William Osborne v. State of Alaska, Case No. 3AN-97-00636 CI
Order of Dismissal
Page 9 of 9