ALASKA BOARD OF PAROLE
P.O. BOX 112000
Juneau, AK 99811-2000

# APPLICATION FOR DISCRETIONARY PAROLE

April 8, 2004
(Date)

OSBORNE GERALD WILLIAM                              OBSCIS # 284076
*Name of Parole Applicant: Last/MI/First Name*

**DATE OF BIRTH:** April 2, 1972        **INSTITUTION:** S.C.C.C.

**DATE OF OFFENSE:** March 22, 1993     **OFFENSE:** Sex Asslt./Asslt./Kidnapp.

1. **STATE YOUR VERSION OF THE OFFENSE** Include all information leading up to, during and after the commission of the crime. Explain your role in the crime and the reasons you were involved. *(Applicants should include as many details as necessary. Use an additional sheet of paper if necessary; do not use the back of this page.)*

While I was out with friends I made a call to my codefendant to come pick me up from the Space Station. After he did we went driving around. When we saw Ms. Gerik, and that she was soliciting, we decided to have sex with her and then not pay her. She got in the car with us, and we all went out to Earthquake Park. Once there I pulled out a gun and ordered Ms. Gerik to take off her clothes. After she did, me and my codefendant took turns having sex with her. After we were done I ordered Ms. Gerik to get out of the car. She refused to do so and kept refusing. I attempted to physically remove her from the car, and eventually got her out. My codefendant became enraged when he discovered that Ms. Gerik had defecated in his car, and began to assault her with a stick. I also assaulted Ms. Gerik by kicking and punching her. After a few seconds we both stopped, partially kicked snow on Ms. Gerik, and then got in my codefendants car and drove off leaving her at the park.

2. **PROBATION/PAROLE REVOCATIONS** – If your probation or parole has ever been revoked in the past, explain the circumstances, including what you did to violate the conditions of parole or probation. Include date of hearing, the result (probation, parole revoked or continued), the city and state of the probation or parole office. *(Applicants should use an additional sheet of paper, do not use the back of this page.)*

_____

_____

_____

_____

_____

_____

_____

_____

_____

3. **WHY GRANT PAROLE** – Why should the Alaska Board of Parole grant you parole to the community instead of serving the remainder of your sentence in prison? What have you done since being sentenced that would indicate you will be a good risk to not violate the law or the conditions of parole. *(Applicant should include information such as participation in treatment, education programs and work history since sentencing.)*

Throughout my incarceration I have successfully completed a number of educational and treatment based programs such as: Victims Impact, Anger Management, Substance Abuse, and Cognitive Skills. I have also held various institutional jobs, and participated in community type activities within the institution. I've achieved those goals while dealing with, and working through the negative day-to-day aspects of long-term imprisonment, and my own personal faults. There is nothing beneficial or advantageous to me, or to the community by my serving the remainder of my time. Placement on parole will allow me to advance to the next level of my rehabilitation, and will provide me with new avenues through which I can continue to challenge, develop, and improve upon myself.

_____

_____

_____

4. **GUIDELINES INFORMATION** – If you have not served the minimum number of months required by the Board's guidelines, what mitigating factors are present in your case to justify the Board releasing you below it's published guidelines? What have you done since your sentencing that would indicate to the Board that you are a good risk and will not violate the law or the conditions of discretionary parole the Board may impose? *(Applicant should read the Parole Applicant's Guideline Handbook and, if necessary, use an additional sheet of paper.)*

I will reach my mandatory parole date before serving the minimum number of months required by the Board's guidelines. Throughout my incarceration I have worked institutional jobs, and enrolled in and completed a number of classes which have given me employable job skills & qualifications. Also, I have participated in and completed programs that challenged me to come out of my comfort zone, think differently, and change my beliefs and behavior. I have also established and maintained healthy relationships with my family and friends who have constantly encouraged & supported me.

5. Was your case sent to the Three Judge Panel?   YES   **NO**
6. Has your conviction or sentence ever been appealed?   **YES**   NO
7. Has a petition to modify your sentence ever been filed?   YES   **NO**
8. Have you read the following important rules and regulations about discretionary parole hearings?

   The Parole Guidelines Handbook for Parole Applicants   **YES**   NO
   The Parole Handbook  (dated January 1999)   **YES**   NO

   *The following Alaska Administrative Codes*

   22 AAC 20, Article 6, Appearance at Parole Release Hearings   **YES**   NO
   22 AAC 20, Article 4, Discretionary Parole Hearings   **YES**   NO
   22 AAC 20, Article 5, Conditions of Parole   **YES**   NO
   22 AAC 20, Article 6, Discretionary Parole Release Procedures   **YES**   NO

9. **ISSP – INTENSIVE SUPERVISION AND SURVEILLANCE PROGRAM** – Even if you have not served the time suggested by the Board's guidelines or are a higher risk case that might not ordinarily be paroled, the Board might consider paroling you to it's Intensive Supervision and Surveillance Program. You MUST be releasing to the Anchorage area and meet other requirements of the program.

   I have read the ISSP Brochure   **YES**   NO
   I have discussed the ISSP program with my Parole Officer   **YES**   NO
   I am willing to be placed on ISSP under the conditions stated in the ISSP brochure.   **YES**   NO

10. **AREA OF RELEASE** – ill expect to reside upon release:

   a) City/Village: CHARLESTON          b) State: SOUTH CAROLINA

11. What special conditions do you think would be helpful to you in being a successful parolee if the Board paroled you?

   I would like to become a business owner. Through self-study, attending institutional classes, and gathering information from various sources, I have gained the basic knowledge needed to start, own, and operate a small business. It would be helpful to me if the Board would allow me to own a business as a alternative, if or should it become too difficult for me to gain employment.

12. What specific problems do you expect to encounter once you are released?

   Being a Sex Offender I expect to encounter difficulties gaining employment due to a employers reluctance to have their business associated or represented by a person that is convicted of a Sex Offense. Also, I may encounter hostility and/or opposition from the family's and members of the community where I hope to reside.

13. **RELEASE INFORMATION** – What are your release plans? Give the complete address of your proposed residence, names and relationships of any relatives who will be living with you. Provide the names and relationships of any other relatives living in the area of your proposed residence. Give the complete name and address of your proposed employer and state whether or not employment is certain. Give the details of employment such as salary, hours, duties, etc.. Provide the Board with the information regarding any other resources which may assist you in making a successful parole adjustment. *(Applicant should include as many as necessary. Use an additional sheet of paper, do not use the back of this page.)*

If I am released I will return to my hometown and state of Charleston, South Carolina. There I will reside with my mother, Naomi Pinckney who lives alone in a 3 bedroom home. The address of the residence is 2336 Sorentrue st.; North Charleston, South Carolina 29406. Carlottia Nelson who is my oldest sister also lives in the area of my mother's home. In addition to Ms. Pinckney and Ms. Nelson, my entire family lives in the region of my mother's residence. Outside of my family there are a number of people who have supported me throughout my incarceration, and have stated their intention to continue doing so upon my release.

*This application will become part of the record that will be considered by the Alaska Board of Parole when reviewing your case for discretionary parole. I understand the Alaska Board of Parole has access to all records when considering this parole application. The Alaska Board of Parole may examine all Department of Corrections records as well as records generated by contract facilities or program providers. I further understand that it is a Class A misdemeanor crime under AS 11.56.210 to submit a false written or recorded statement regarding this parole application. I acknowledge I must state the exact and complete truth in this written application as well as at my parole hearing. Providing a false or misleading statement may be grounds for denying parole or rescinding parole.*

SIGNATURE OF APPLICANT

DATE: 4/8/2004

SIGNATURE OF STAFF WITNESS

DATE: 4-8-04

Rev. 1/99; Alaska Board of Parole        (g:/Parole/Forms/Application for Discretionary Parole.doc)