Robert C. Bundy, ABA #7206021
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com


Co-Counsel for Plaintiff



IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA


| | |
|---|---|
| WILLIAM G. OSBORNE,<br><br>                  Plaintiff,<br><br>vs.<br><br>DISTRICT ATTORNEY'S OFFICE FOR THE THIRD JUDICIAL DISTRICT, ANCHORAGE, ALASKA; SUSAN A. PARKES, DISTRICT ATTORNEY, in her official capacity; ANCHORAGE POLICE DEPT., ANCHORAGE, ALASKA; WALT MONEGAN, ANCHORAGE POLICE DEPT.<br><br>                  Defendants. | Case No. A03-0118 CV (RRB)<br><br><br><br><br>**PLAINTIFF'S RESPONSE TO MOTION TO STAY PROCEEDINGS** |

      Plaintiff William Osborne submits this Response to Defendants' Motion to Stay

Proceedings filed on February 17, 2006. Defendants do not move under any particular

Federal Rule of Civil Procedure, but nonetheless ask this Court to stay proceedings "until

Osborne's post conviction proceedings in the Alaska state courts are completed."

(Motion to Stay at 1-2). Defendants base their request for a stay "as a matter of

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

discretion" on the doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1975). (*See* Memorandum in Support of Motion to Stay Proceedings ("Stay Memo") at 5). In their supporting memorandum, Defendants also appear to seek alternate relief not even requested in their Motion -- for this Court to "grant abstention" under the doctrine of *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941). (*See* Stay Memo at 3-4). For the reasons given below, Defendants' motion for a stay and their request for abstention should be denied.

1.      **Federal jurisdiction in this case is well-established, and should not be disturbed.**

        Osborne commenced this action by filing a complaint on May 29, 2003. Defendants subsequently moved for Rule 12(b)(6) dismissal seeking relief, *inter alia*, under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). This Court specifically rejected Defendants' abstention argument and Defendants did not appeal the abstention ruling when Osborne's case journeyed to the Ninth Circuit. The Ninth Circuit has since affirmed Osborne's right to seek access to evidence via a Section 1983 action, and has remanded the case back to this Court to consider whether Osborne has been deprived of a federally protected right. *Osborne v. District Attorney's Office for Third Judicial Dist.*, 423 F.3d 1050, 1056 (9th Cir. 2005). Osborne subsequently moved for summary judgment on November 16, 2005, asserting that he has a federal constitutional right to access evidence for post-conviction DNA testing. Defendants sought and were granted three extensions to reply to Osborne's motion.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

RESPONSE TO MOTION TO STAY                              *Osborne v. District Attorney's Office, et al.*

A03-0118 CV

On February 17, 2006, more than thirty-two months after Osborne initiated his action, Defendants submitted the instant Motion to Stay.  Defendants have offered no explanation as to why they did not raise their *Pullman* and *Colorado River* objections at the time they sought dismissal under *Younger v. Harris*.  Defendants neither account for their failure to appeal the adverse *Young* decision, nor do they even attempt to distinguish this Court's prior ruling that "the abstention doctrine is inapposite."  (Recommendation dated January 7, 2004, at 6) (*citing Green v. City of Tuscon*, 255 F.3d 1086, 1097 (9th Cir. 2001)).  After close to three years, federal jurisdiction over this action is well-established.  In light of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *Colorado River*, 424 U.S. at 818, this Court should not give any weight to Defendants' untimely request for a discretionary stay.  *See*, *e.g.*, *Hyde Park Partners v. Connolly*, 839 F.2d 837, 841 n. 5 (1st Cir. 1988) ("state defendant may waive abstention"(internal citations omitted)); *Orazio v. Town of North Hempstead*, 426 F.Supp. 1144, 1147 (E.D.N.Y. 1977) (finding abstention argument waived).

**2.**      ***Pullman* abstention is inappropriate because Osborne does not challenge a state law and his complaint involves purely federal constitutional issues.**

To the extent that Defendants seek non-discretionary dismissal of Osborne's complaint on *Pullman* grounds, they have improperly raised the issue.  Defendants have not made a Rule 12(b)(6) motion, nor have they cross-moved for summary judgment.  Therefore, the only question potentially before this Court is whether a discretionary stay is appropriate.

*Pullman* provides absolutely no basis for issuance of a stay.  As Defendants

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

themselves recognize, "[t]he main purpose of *Pullman* abstention is to avoid, if possible, a federal courts declaring a state statute unconstitutional before giving the state courts a chance to interpret it narrowly."  (Stay Memo at 4) (citing *United States Parcel Service, Inc. v. California Public Utilities Comm'n*, 77 F.3d 1178, 1183 (9th Cir. 1996)).  Here, Osborne presents no challenge whatsoever to any state statute.  Granting Osborne relief cannot involve declaring a state statute unconstitutional and indeed will have no impact on any state court decision or interfere with any state program.

In contrast to the cases cited by Defendants where *Pullman* abstention has been granted, Osborne's Section 1983 complaint concerns purely federal matters -- his asserted federal constitutional right to access evidence for DNA testing.  *Compare*, *e.g.*, *Pullman*, 312 U.S. at 498-99 (analyzing potentially unconstitutional Texas statute); *Sinclair Oil Corp. v. County of Santa Barbara*, 96 F.3d 401, 409-10 (9th Cir. 1996) (concerning potentially unconstitutional California land use regulations).  While *Pullman* abstention may be appropriate in land use cases involving mixed questions of state and federal law, *see Kollsman v. City of Los Angeles*, 737 F.2d 830, 836 n. 18 (9th Cir. 1984), such abstention is almost never appropriate in civil rights cases.  *See Pearl Investment Company v. City and County of San Francisco*, 774 F.2d 1460, 1463 (9th Cir. 1985) ("Federal courts should be reluctant to abstain in civil rights cases regardless of the type of constitutional interest at stake." (internal citation omitted)).

The Ninth Circuit specifically left the constitutional issue presented by Osborne's case open for this Court to resolve.  Jurisdiction therefore remains appropriate in order to resolve this important federal question.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

RESPONSE TO MOTION TO STAY                         *Osborne v. District Attorney's Office, et al.*

A03-0118 CV

**3.    This Court should not exercise discretion under *Colorado River* because no explicit policy interest supports surrender of jurisdiction, and the state courts have already proved hostile to Osborne's federal claim.**

As with *Pullman*, the fact that Osborne's action raises absolutely no state law issues also strongly counsels against the surrender of jurisdiction under a *Colorado River* theory.  S*ee Moses H. Cone Memorial Hospital v. Mercury Construction Corp*, 460 U.S. 1, 26 (1983) ("Although in some rare circumstances, the presence of state-law issues may weigh in favor of surrender… the presence of federal-law issues must always be a major consideration weighing against surrender." (internal citations omitted)).  Osborne's case is thus wholly unlike the *Nakash* case cited by Defendants.  *See Nakash v. Marciano*, 882 F.2d 1411, (9th Cir. 1989) (commercial dispute involving state breach-of-contract and state breach-of-fiduciary-duty claims where prior state proceedings involved 70 hearings, almost 100 depositions, and the production of 300,000 documents).

In *Colorado River* itself, the Supreme Court emphasized the federal court's "heavy obligation to exercise jurisdiction," but found surrender of jurisdiction appropriate because the specific underlying policy of federal McCarran Amendment and its interest in state-based adjudication of water rights.  *Colorado River*, 424 U.S. at 819-20.  No similar federal statute favoring state resolution of DNA claims exists in this case.  Quite the opposite -- federal courts have recognized the important federal constitutional interest in allowing criminal defendants post-conviction access to DNA testing.  *See Thomas v. Goldsmith*, 979 F.2d 746, 749-50 (9th Cir. 1992); *Moore v. Lockyer*, 2005 WL 2334350 (N.D.Cal Sept. 23, 2005); *Godschalk v. Montgomery County District Attorney's Office*, 177 F.Supp.2d 366 (E.D.Pa. 2001).

Moreover, as Defendants admit, the state courts have already found against

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

RESPONSE TO MOTION TO STAY                    *Osborne v. District Attorney's Office, et al.*

Page 5 of 7                                                        A03-0118 CV

Osborne on the question of his federal right to testing -- the *only issue* in the current litigation before this Court.  (*See* Stay Memo at 7; *see also Osborne v. State*, 110 P.3d 986, 995 (Alaska App. 2005)).  This presents yet another independent reason to reject Defendants' *Colorado River* theory.  *See Moses H. Cone*, 460 U.S. at 28 ("When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues…  If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.").

### Conclusion

Defendants offer no sound reason for this Court to surrender its well-established federal question jurisdiction while the state courts consider legal issues that have no bearing on the right that Osborne asserts.  *See*, *e.g.*, *Wisconsin v. Constantineau*, 400 U.S. 433, 439 (1971) ("abstention should not be ordered merely to await an attempt to vindicate the claim in a state court…  We would negate the history of the enlargement of the [federal question] jurisdiction of the federal district courts, if we held the federal court should stay its hand and not decide the question before the state courts decided it." (internal citations omitted)).

For the reasons stated, Defendants' Motion to Stay should be denied.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

DATED this 22nd day of March, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP
Co-Counsel for Plaintiff


By:    /s/ Robert C. Bundy
       Robert C. Bundy, ABA #7206021
       DORSEY & WHITNEY LLP
       1031 West Fourth Avenue, Suite 600
       Anchorage, AK 99501-5907
       (907) 276-4557
       bundy.robert@dorsey.com

CERTIFICATE OF SERVICE

This certifies that on the 22nd day of
March, 2006, a copy of the foregoing
document was on:

Randall S. Cavanaugh                          Peter Neufeld and Colin Starger
Kalamarides & Lambert                         Innocence Project
711 H Street, Suite 450                       Benjamin N. Cardozo School of Law
Anchorage, AK 99501                           100 Fifth Avenue, 3rd Floor
                                              New York, NY 10011


Nancy Simel, Assistant Attorney General       Mary Pinkel
Special Prosecutions and Appeals              Municipality of Anchorage Department of Law
310 K Street, Suite 308                       P.O. Box 1996650
Anchorage, Alaska 99501                       632 W. 6th Avenue, Suite 730
                                              Anchorage, Alaska 99519-6650



by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.



       /s/ Robert C. Bundy
Robert C. Bundy, ABA #7206021
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

RESPONSE TO MOTION TO STAY                    *Osborne v. District Attorney's Office, et al.*