Nancy R. Simel
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Nancy_Simel@law.state.ak.us

Attorney for Defendants Anchorage District Attorney's Office and Parkes

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM G. OSBORNE,<br><br>    Plaintiff,<br><br>    vs.<br><br>DISTRICT ATTORNEY'S OFFICE FOR THE THIRD JUDICIAL DISTRICT, ANCHORAGE, ALASKA; SUSAN A. PARKES, DISTRICT ATTORNEY, in her official capacity; ANCHORAGE POLICE DEPT., ANCHORAGE, ALASKA; WALT MONEGAN, ANCHORAGE POLICE DEPT.<br><br>    Defendants. | Case No. 3:03-cv-00118-RRB<br><br>REPLY TO OPPOSITION TO MOTION TO STAY PROCEEDINGS |

The state defendants submit this reply to Plaintiff's Response to Motion to Stay Proceedings, filed on March 22, 2006.

Defendants' motion is not untimely. [Dkt. 97 at 2-3] Although Osborne filed his complaint on May 29, 2003, much of the time that has elapsed

since then is due to the intervening appellate proceedings in the Court of Appeals for the Ninth Circuit, a period of time during which the filing of a motion to stay in this court would have been inappropriate. The fact that the state defendants did not appeal the denial of absention under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.669 (1971), is not a reason for denying its motion to stay. The motion to stay is not based on *Younger*. Nor is the fact that the state defendants did not file the motion to stay at the same time as it sought abstention based on *Younger* a reason to deny the stay. The request for the stay is based in large part on circumstances and developments that occurred *after* this court ruled on the request for abstention under *Younger*, most notably the Alaska Court of Appeal's decision remanding Osborne's post-conviction action to the Alaska Superior Court for further consideration of his request for post-conviction DNA testing, and the ongoing proceedings in that court.

Osborne asserts that the granting of a stay is inappropriate under *Railroad Commission of Texas v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), or *Colorado River Water Conservation District* because he is not in this action presenting a challenge to any state statute. [Dkt. 97 at 3-4, 6-7] Although Osborne does not explicitly challenge any state statute, given the procedural posture of the state court proceedings, if this court grants Osborne relief, it would have to declare AS 12.72.020(b)(2) unconstitutional as applied to Osborne. *See Osborne v. State*, 110 P.3d 986, 992- 96 (Alaska App. 2005) (remanding so superior court can in the first instance determine whether

Osborne meets the statutory standard for post-conviction DNA testing and if not, whether the statutory standard is unconstitutional). As the Alaska Court of Appeals pointed out in its decision, a post-conviction relief action is the only means under state law by which Osborne could seek access to the evidence for post-conviction DNA testing. *Id.* at 992-93. A post-conviction relief action, including one that seeks post-conviction DNA testing, must comply with the requirements of AS 12.72.020. *Id.* at 992-93, 995. Thus, both the construction and constitutionality of a state statute would be directly impacted if this court grants Osborne the relief he requests – access to items of evidence for post-conviction DNA testing.

The fact that the Alaska Court of Appeals has held that Osborne does not have a federal right to conduct post-conviction DNA testing also is not a reason to deny a stay. *See Osborne*, 110 P.3d at 994-95. [Dkt. 97 at 5-6] The decision of the Alaska Court of Appeals is not final because it has retained jurisdiction of the case and because an appellate decision by the intermediate court of appeals is not considered final until either the time has elapsed for filing a petition for hearing to the Alaska Supreme Court or the Alaska Supreme Court has ruled on the matter. *See* Alaska Rule of Appellate Procedure 507, Alaska Rule of Appellate Procedure 512(a). In addition, a civil rights action is not intended to be a substitute for an appeal of an adverse decision by a state court.

In sum, this court should stay resolution this case until after the state court proceedings have been completed.

DATED March 28, 2006, at Anchorage, Alaska.

>DAVID W. MÁRQUEZ
>ATTORNEY GENERAL
>
>s/ Nancy R. Simel
>    Assistant Attorney General
>    State of Alaska, Dept. of Law
>    Office of Special Prosecutions
>       and Appeals
>    310 K St., Suite 308
>    Anchorage, Alaska 99501
>    Telephone: (907) 269-6250
>    Facsimile: (907) 269-6270
>    e-mail: Nancy_Simel@law.state.ak.us
>    Alaska Bar. No. 8506080

**Certificate of Service**

I certify that on March 28, 2006, a copy of the foregoing Reply to Opposition to Motion to Stay Proceedings was served electronically on **Randall S. Cavanaugh, Mary B. Pinkel, Robert C. Bundy** and on **Peter J. Neufeld and Colin Starger at Cardozo School of Law 55 5th Avenue, 11th Floor New York, NY 10003** by regular U.S. mail.

s/ **Nancy R. Simel**