Nancy R. Simel
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Nancy_Simel@law.state.ak.us

Attorney for Defendants Anchorage District Attorney's Office and Parkes

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| WILLAM G. OSBORNE,<br><br>        Plaintiff,<br><br>  vs.<br><br>DISTRICT ATTORNEY'S OFFICE FOR THE THIRD JUDICIAL DISTRICT, ANCHORAGE, ALASKA; SUSAN A. PARKES, DISTRICT ATTORNEY, in her official capacity; ANCHORAGE POLICE DEPT., ANCHORAGE, ALASKA; WALT MONEGAN, ANCHORAGE POLICE DEPT.,<br><br>        Defendants. | Case No. 3:03-cv-00118-RRB<br><br>SUPPLEMENTAL MEMORANDUM ADDRESSING *HOUSE V. BELL* |

Come now defendants Anchorage District Attorney's Office and Susan A. Parkes, former District Attorney, in her official capacity, by and through legal counsel, Nancy Simel, Assistant Attorney General, and, pursuant

to this court's request, submits this memorandum addressing the impact on this case of the United States Supreme Court's decision in *House v. Bell*, ___ U.S. ___, 126 S.Ct. 2064 (2006).

In *House*, a divided Court held that, although it was a close case, the petitioner had succeeded in making the gateway showing of "actual innocence" required by *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), in order to excuse a procedural default in a habeas case when a petitioner cannot show cause and prejudice for the procedural default. *Schlup* allows a petitioner to make a gateway showing of "actual inncence" in order to assure that the petitioner's trial was untainted by constitutional error. *House*, 126 S.Ct. at 2076-77. House's showing included evidence attacking the blood and semen evidence introduced at his trial – including DNA test results showing that the semen on the victim's clothing was not House's but instead came from the victim's husband – and additional evidence that the victim's husband was the perpetrator of the crime for which House had been convicted. 126 S.Ct. at 2079-86.

*House* is not directly relevant to Osborne's claim that he has a federal constitutional right of access to forensic evidence to conduct additional post-conviction tests on the evidence because *House* does not address that question either directly or indirectly. *House* instead addresses how DNA evidence, in conjunction with other evidence, can be used to support a gateway

2

showing of "actual innocence" that would allow a petitioner's defaulted habeas claims to be considered on their merits. For the reasons discussed in (1) the defendants' memoradnum in support of its cross-motion for summary judgment, (2) the defendants' memorandum in opposition to Osborne's motion for summary judgment, and (3) oral argument on the motion and cross-motion for summary judgment, Osborne, unlike House, has not alleged that his criminal trial was tainted by constitutional error. Instead, Osborne has alleged only that he has a post-conviction due process right to subject the evidence to additional DNA testing. Accordingly, *House* does not directly control Osborne's case.

*House* does, however, provide useful guidance to this court should this court conclude that (1) a federal constitutional right to post-conviction DNA testing exists and (2) the standard for such a hypothetical right is the same as the gateway standard of "actual innocence" under *Schlup*. *House* elucidates that to satisfy the *Schlup* gateway showing of "actual innocence," a habeas petitioner must show that, when the evidence as a whole is considered in light of the new evidence, "it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." 126 S.Ct. at 2077. The inquiry requires the court to assess how reasonable jurors would react to the overall, newly supplemented record. *Id*. at 2077-78. It is therefore a predictive standard. Although the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence, the Court in *House* emphasized that the

3

standard is "demanding" and permits review only in the "extraordinary" case. *Id.* at 2077.

Under the *Schlup* standard, it is *not* sufficient that a petitioner show that a reasonable juror might have found him not guilty. The standard thus requires more than the creation of a reasonable doubt about the outcome and more than a showing that the petitioner was prejudiced at trial because the jurors did not consider the new evidence. For the reasons discussed in the defendants' opposition to Osborne's motion for summary judgment, the defendants' cross-motion for summary judgment, and oral argument on the cross-motions for summary judgment, Osborne has not satisfied this standard.

In addition, *House* explains that it remains an open question whether a free-standing claim of innocence, as discussed in *Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) is cognizable in a federal habeas proceeding. 126 S.Ct. at 2086-87. The court also emphasized that if such a hypothetical right exists, a petitioner must meet an even higher standard than that required under *Schlup*. *House,* 126 S.Ct. at 2087. Since Osborne cannot satisfy the *Schlup* standard for habeas cases where the petitioner has alleged that his trial was tainted by constitutional error, Osborne also cannot satisfy the *Herrera* standard which applies to cases like his where the only underlying claim is that of factual innocence.

DATED July 18, 2006 , at Anchorage, Alaska.

          DAVID W. MÁRQUEZ
          ATTORNEY GENERAL

s/ Nancy R. Simel
    Assistant Attorney General
    State of Alaska, Dept. of Law
    Office of Special Prosecutions
      and Appeals
    310 K St., Suite 308
    Anchorage, Alaska 99501
    Telephone: (907) 269-6250
    Facsimile: (907) 269-6270
    e-mail: Nancy_Simel@law.state.ak.us
    Alaska Bar. No. 8506080

## Certificate of Service

I certify that on July 18, 2006, a copy of the foregoing Supplemental Memorandum Addressing *House v. Bell* was served electronically on Robert C. Bundy, Randall S. Cavanaugh, Mary B. Pinkel and on Peter J. Neufeld, Colin Starger both at Benjamin Cardoza School of Law, 100 5th Avenue, 3rd Floor, New York, NY 10011 by regular U.S. mail.

          s/ Nancy R. Simel