IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM G. OSBORNE,<br><br>          Plaintiff,<br><br>vs.<br><br>DISTRICT ATTORNEY'S OFFICE FOR THE THIRD JUDICIAL DISTRICT, ANCHORAGE, ALASKA; SUSAN A. PARKES, DISTRICT ATTORNEY, in her official capacity; ANCHORAGE POLICE DEPARTMENT, ANCHORAGE, ALASKA; WALT MONEGAN, ANCHORAGE POLICE DEPARTMENT.<br><br>          Defendants. | Case No. 3:03-cv-0118-RRB<br><br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT** |

I.    **INTRODUCTION**

        Before the Court are Cross-Motions for Summary Judgment (Docket Nos. 76 & 107), which present the issue of whether Defendants have a federal constitutional right to subject potentially exculpatory evidence to post-conviction deoxyribonucleic acid (DNA) testing. The issue was well-briefed by both parties, and presents a very close question of first

impression.[1]   The issue arises primarily because of significant scientific advances, in recent years, in the field of DNA testing, to include the Short Term Repeat (STR) method of DNA testing.[2]

## II.  FACTS

Plaintiff William G. Osborne ("Plaintiff") "was convicted by an Alaskan jury of two counts of first-degree sexual assault, one count of kidnapping [sic], and one count of first-degree assault."[3]   Post-conviction, and concurrent with ongoing state court proceedings, Plaintiff filed the present action, wherein "he seeks an injunction requiring [Defendants] to provide him with access to certain items of evidence so that he can subject it to

---

[1]     "We express no opinion as to whether [Plaintiff] has been deprived of a federally protected right, and leave that question to the district court to address in the first instance."  Osborne v. District Attorney's Office for Third Judicial Dist., 423 F.3d 1050, 1054 (9th Cir. 2005)(emphasis added).

[2]     "The current standard for forensic DNA testing is the Short Term Repeat (STR) test.  This test includes elements of the Polymerase Chain Reaction (PCR) method, which allows for very small and degraded samples to be tested successfully."  Benjamin N. Cardozo School of Law, Yeshiva University, What is DNA?, http://www.innocenceproject.org/docs/IPDNA_WEB.pdf.

Although not conclusive, recent developments in DNA testing have also been addressed by the United States Supreme Court.  See House v. Bell, 126 S. Ct. 2064, 2086 (2006)("the central forensic proof connecting House to the crime - the blood and the semen - has been called into question, and House has put forward substantial evidence pointing to a different suspect.").

[3]     Clerk's Docket No. 108 at 1.

post-conviction DNA testing."[4]    More specifically, Plaintiff "intends to subject these items of evidence to [STR] DNA testing and possibly mitochondrial DNA testing, methods of DNA testing that were developed after his trial."[5]

In conjunction with Osborne v. District Attorney's Office for Third Judicial Dist., 423 F.3d 1050, 1056 (9th Cir. 2005), the only issue before the Court is whether Plaintiff has a federally protected right, i.e., a right to seek "post-conviction access to biological evidence in the government's possession."[6]    The Alaska State Courts have already found against Plaintiff with respect to the same, see Osborne v. State, 110 P.3d 986, 995 (Alaska App. 2005)(holding that Plaintiff "has no due process right under the federal constitution to present new evidence to establish his factual innocence.").    That decision, however, is not binding upon this Court.

## III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to

---

[4]    Id. at 1-2.

[5]    Id. at 2.

[6]    Osborne, 423 F.3d at 1056.

judgment as a matter of law.  The moving party has the burden of showing that there is no genuine dispute as to material fact.[7]  The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[8]  Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[9]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[10]  However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[11]

## IV.  DISCUSSION

Having considered the relevant pleadings, as well as the applicable case law, the Court concludes that there <u>does</u> exist, <u>under the unique and specific facts presented</u>, a very limited

---

[7]   <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

[8]   <u>Id.</u> at 323-325.

[9]   <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-9 (1986).

[10]   <u>Id.</u> at 255.

[11]   <u>Id.</u> at 248-9.

ORDER RE MOTIONS FOR SUMMARY JUDGMENT - 4
3:03-CV-0118-RRB

constitutional right to the testing sought.[12]  Significant to this conclusion is the fact that the testing sought was <u>not</u> available to Plaintiff William G. Osborne ("Plaintiff") at the time of trial, the fact that the testing sought can be easily performed without cost or prejudice to the Government, and the fact that the test results can either confirm Plaintiff's guilt or provide evidence upon which Plaintiff might seek a new trial.  In this regard, and although the Court makes no findings as to whether Plaintiff would be entitled to a new trial, the Court concludes that a favorable result for Plaintiff might have a significant impact on a fact-finders evaluation of guilt or innocence.

The Court also concludes that equity and fundamental notions of fairness argue in favor of the relief Plaintiff seeks;

---

[12]    <u>See</u> <u>Harvey v. Horan</u>, 285 F.3d 298, 325 (4th Cir. 2002)(Luttig, J., concurring in denial of rehearing en banc on mootness grounds)("[T]here is a limited, constitutional post-conviction right of access to previously-produced forensic evidence for the purpose of STR and related DNA testing.").  Although not authoritative, the Court finds Judge Luttig's opinion to be particularly persuasive on this issue.  Also persuasive on this issue are: (1) <u>Thomas v. Goldsmith</u>, 979 F.2d 746, 749-50 (9th Cir. 1992)(wherein the Ninth Circuit found that the state has a post-conviction <u>Brady</u> obligation to produce DNA evidence in the habeas context); and (2) <u>Moore v. Lockyer</u>, 2005 WL 2334350 at *8 & *9 (N.D. Cal. 2005)(holding that: (1) "to permit the state to deny a convicted defendant access to evidence that could prove his or her innocence for no reason whatsoever" would violate due process; and (2) the due process right to obtain access to DNA evidence should be "limited").

especially, when considered in the appropriate context, e.g., the Government has no legitimate interest in punishing the innocent.[13]

The Court's conclusion in this matter assumes the availability of the evidence sought.  If the evidence were no longer available, for any legitimate reason, there exists no right to test it and no basis upon which Plaintiff could pursue the issue further.

**V.    CONCLUSION**

Based upon the aforesaid, Plaintiff's Motion for Summary Judgment (Docket No. 76) is hereby **GRANTED** and Defendants' Cross-Motion for Summary Judgment (Docket No. 107) is hereby **DENIED**.

ENTERED this 3rd day of August, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[13]    "The vigilant search for truth is the hallmark of our criminal justice system.  Our methods of investigation, rules of criminal procedure, and appellate process are designed to ensure that the guilty are apprehended and convicted while the innocent are protected." See National Institute for Justice, Postconviction DNA Testing: Recommendations for Handling Requests (1999).

ORDER RE MOTIONS FOR SUMMARY JUDGMENT - 6
3:03-CV-0118-RRB