Robert C. Bundy, ABA #7206021
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com

Co-Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA

| | |
|---|---|
| WILLIAM G. OSBORNE,<br><br>                    Plaintiff,<br>vs.<br><br>DISTRICT ATTORNEY'S OFFICE FOR THE THIRD JUDICIAL DISTRICT, ANCHORAGE, ALASKA; SUSAN A. PARKES, DISTRICT ATTORNEY, in her official capacity; ANCHORAGE POLICE DEPT., ANCHORAGE, ALASKA; WALT MONEGAN, ANCHORAGE POLICE DEPT.<br><br>                    Defendants. | Case No. A03-0118 CV<br><br><br><br><br><br><br><br>**MOTION FOR ATTORNEYS' FEES** |

Plaintiff William G. Osborne ("Osborne") hereby moves under Fed. R. Civ. Proc. 54(d)(2) for attorney's fees from Defendant District Attorney's Office for the Third Judicial District, Anchorage, Alaska, Susan A. Parkes, District Attorney, in her official capacity ("the District Attorney").

Osborne requests $31,847.70 in attorneys fees. Included in the attorney's fees requested is $2,757.30 in out-of-pocket expenses.

Osborne is entitled to attorneys' fees under 42 U.S.C. § 1988. Section 1988 provides that in an action to enforce a provision of 42 U.S.C. § 1983, the court may allow the prevailing party a reasonable attorney's fee as part of its costs. 42 U.S.C. § 1988((b).

Upon remand from the Ninth Circuit Court of Appeal, this Court issued summary judgment completely granting the injunctive relief sought by Osborne. Pursuant to the final judgment issued by the Court, the District Attorney is required to provide Osborne with access to certain items of evidence so Osborne can subject the evidence to post-conviction DNA testing. This was the relief sought by Osborne in this action. Accordingly, Osborne is undoubtedly a prevailing party under 42 U.S.C. § 1988. See Farrar v. Hobby, 56 U.S. 103, 110 (1992) (holding that plaintiffs are prevailing parties if they succeed on any significant issue in litigation which achieves some of the benefit they sought in bringing suit). As a prevailing party, Osborne is entitled to an award of attorney's fees under section 1988.

Because Osborne is a prisoner, this request for fees is governed by the Prison Litigation Reform Act. Accordingly, attorney's fees can only be awarded for fees that were "directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988." 42 U.S.C. § 1997e(d)(1)(A). The fees must also be proportionately related to the court ordered relief for the violation. 42 U.S.C. § 1997e(d)(1)(B)(ii). Both requirements of the Prison Litigation Reform Act are met in this case. The fees requested were reasonably incurred in proving an actual violation of the plaintiff's rights protected by 42 U.S.C. § 1983. See affidavits of Robert Bundy and Colin Starger. Because Plaintiff won the

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

injunctive relief that was sought in this action, the fees are also proportionately related to the court ordered relief for the violation.

The Prison Litigation Reform Act also limits attorney's fees to an hourly rate of 150 percent of the hourly rate established under 18 U.S.C. 3006A for the payment of court appointed counsel. See 42 U.S.C. § 1997e(d)(3). Under the Criminal Justice Act, court appointed counsel in the district of Alaska receives $92 an hour for both in-court and out-of-court work. Therefore, the hourly rate for purposes of this attorney's fees motion is $138 an hour. The law firm of Dorsey & Whitney LLP ("Dorsey") spent 132.30 hours representing Osborne in this action, and the Innocence Project spent 78.5 hours representing Osborne in this action, for a total of 210.8 hours. Accordingly, Osborne is entitled to $29,090.40 (210.8 x $138).

Osborne's out-of-pocket expenses are also recoverable as part of his attorney' fees. Out-of-pocket expenses may be awarded under section 1988 so long as they are expenses that would normally be charged to a fee-paying client. See Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994). The costs sought and incurred by Dorsey in the amount of $1,090.56 meet this requirement. See Affidavit of R. Bundy. The travel and lodging costs of Colin Starger, a staff attorney for the Innocence project, in the amount of $1,666.74 to attend oral argument are also recoverable under section 1988. See Brown v. GrayBrown v. Gray, 227 F.3d 1278, 1297 (10th Cir. 2000) (holding that expenses such as travel costs are recoverable under the concept of attorney's fees).

In total, Osborne is entitled to $31,847.70 in fees (including recoverable costs) under 42 U.S.C. § 1988.

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION FOR ATTORNEYS' FEES                    Osborne v. District Attorney's Office, et al.
Page 3 of 4                                                                A03-0118 CV

DATED this 21st day of September, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP
Co-Counsel for Plaintiff

By:   /s/ Robert C. Bundy
Robert C. Bundy, ABA #7206021
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com

CERTIFICATE OF SERVICE

This certifies that on the 21st day of September, 2006, a copy of the foregoing document was on:

| | |
|---|---|
| Randall S. Cavanaugh<br>Kalamarides & Lambert<br>711 H Street, Suite 450<br>Anchorage, AK 99501 | Peter Neufeld and Colin Starger<br>Innocence Project<br>Benjamin N. Cardozo School of Law<br>100 Fifth Avenue, 3rd Floor<br>New York, NY 10011 |
| Nancy Simel, Assistant Attorney General<br>Special Prosecutions and Appeals<br>310 K Street, Suite 308<br>Anchorage, Alaska 99501 | Mary Pinkel<br>Municipality of Anchorage Department of Law<br>P.O. Box 1996650<br>632 W. 6th Avenue, Suite 730<br>Anchorage, Alaska 99519-6650 |

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

     /s/ Robert C. Bundy
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com
clendaniel.allen@dorsey.com

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION FOR ATTORNEYS' FEES                          *Osborne v. District Attorney's Office, et al.*
Page 4 of 4                                                                                    A03-0118 CV
4814-1055-8209\1 9/21/2006 11:27 AM

Robert C. Bundy, ABA #7206021
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com

Co-Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA

| | |
|---|---|
| WILLIAM G. OSBORNE,<br><br>                                   Plaintiff,<br>vs.<br><br>DISTRICT ATTORNEY'S OFFICE FOR THE THIRD JUDICIAL DISTRICT, ANCHORAGE, ALASKA; SUSAN A. PARKES, DISTRICT ATTORNEY, in her official capacity; ANCHORAGE POLICE DEPT., ANCHORAGE, ALASKA; WALT MONEGAN, ANCHORAGE POLICE DEPT.<br><br>                                   Defendants. | Case No. A03-0118 CV<br><br><br><br><br><br><br><br>**ORDER APPROVING MOTION FOR ATTORNEYS' FEES** |

This Court, having considered Plaintiff William G. Osborne's ("Osborne"),

Motion for Attorneys' Fees from Defendant, District Attorney's Office for the Third

Judicial District, Anchorage, Alaska, Susan A. Parkes, District Attorney, in her official

capacity ("the District Attorney") pursuant to Fed. R. Civ. Proc. 54(d)(2) and 42 U.S.C.

§ 1988, and finding good cause appearing,

IT IS HEREBY ORDERED,

Osborne is awarded attorneys fees in the amount of $31,847.70 against the District Attorney, which amount includes out-of-pocket expenses of $2,757.30.

DATED this_____ day of _____, 2006, at Anchorage, Alaska

_____
U.S. District Court Judge

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

ORDER APPROVING MOTION FOR ATTORNEYS' FEES
Page 2 of 2
4845-7332-5569\1 9/21/2006 2:34 PM

*Osborne v. District Attorney's Office, et al.*
A03-0118 CV