Nancy R. Simel
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Nancy_Simel@law.state.ak.us

Attorney for Defendants Anchorage District Attorney's Office and Parkes

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| WILLAM G. OSBORNE,           )<br>                              )<br>     Plaintiff,              )<br>                              )<br>  vs.                         )<br>                              )<br>DISTRICT ATTORNEY'S OFFICE    )<br>FOR THE THIRD JUDICIAL        )<br>DISTRICT, ANCHORAGE, ALASKA;) <br>SUSAN A. PARKES, DISTRICT     )<br>ATTORNEY, in her official capacity; )<br>ANCHORAGE POLICE DEPT.,       )<br>ANCHORAGE, ALASKA; WALT       )<br>MONEGAN, ANCHORAGE POLICE    )<br>DEPT.,                        )<br>                              )<br>     Defendants.              )<br>_____) | Case No. 3:03-cv-00118-RRB<br><br>Response to Motion For Attorneys'<br>Fees |

Come now defendants (hereinafter State Defendants) Anchorage District Attorney's Office and Susan A. Parkes, former District Attorney, in her

official capacity, by and through legal counsel, Nancy Simel, Assistant Attorney General, and submits this response to Osborne's Motion for Attorneys' Fees.

Osborne has requested a total of $31,847.70 in attorney's fees, including $2,757.30 of expenses. For the reasons set forth below, the State Defendants oppose Osborne's request.

The State Defendants agree that under 42 U.S.C. § 1988, the court may allow the prevailing party in an action under 42 U.S.C. § 1983 reasonable attorneys' fees. The State Defendants also agree that, unless the Court of Appeals for the Ninth Circuit reverses this court's decision granting Osborne summary judgment, Osborne is a prevailing party for purposes of 42 U.S.C. § 1988.

Because Osborne is a prisoner, his request for attorneys' fees is governed by the Prison Litgation Reform Act, which limits the amount and nature of attorneys' fees that can be allowed. *See* 42 U.S.C. § 1997. To be allowed, fees must be "directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988." 42 U.S.C. § 1997e(d)(1)(A).

The maximum hourly rate that can be allowed for attorneys' fees is 150 percent of the hourly rate set in 18 U.S.C. § 3006A for the payment of court appointed counsel. *See* 42 U.S.C. § 1997e(d)(3). Court appointed counsel in the

District of Alaska receive $92 per hour. The maximum allowable hourly rate for attorneys' fees in this action therefore is $138.

Attorney Colin Starger of the Innocence Project states in his affidavit that he estimates that he spent 78.5 hours working on Osborne's case. Although the total number of hours expended by Starger appears reasonable, it is worth noting that Starger spent 10 hours preparing Osborne's Objections to Magistrate's Recommendations (filed on 12/11/03), the same amount of time that he spent preparing the Response to Motion to Dismiss (filed on 12/03/03), and 75 percent of the time he spent preparing the opening brief in the Court of Appeals for the Ninth Circuit. [Starger Affidavit 2-3]

Attorney Robert Bundy of Dorsey & Whitney LLP states in his affidavit that he spent 132.3 hours of time working on Osborne's case that were directly and reasonably incurred in proving an actual violation of Osborne's rights under 42 U.S.C. § 1983. [Bundy Affidavit 2] The State Defendants take the position that not all of these hours were directly and reasonably incurred in proving an actual violation of Osborne's rights under 42 U.S.C. § 1983.

A number of items included in Bundy's invoice involve negotiations with the Municipality and the entering of a stipulation with the Municipality releasing the Municipality from any liability for any claims made against them. On page 2 of the invoice attached to Bundy's affidavit as Exhibit A, index

number 12041961 states that on 2/11/04 Bundy spent 2.50 hours working on this case, including both a telephone conference with J. O'Connell (who represented the Municipality of Anchorage) regarding dismissal and research regarding attorney fees against the Municipality of Anchorage in a § 1983 action. [Bundy Invoice 2] Index number 12148643 states that on 3/08/04 Bundy spent 1.20 hours reviewing a proposed stipulation with the Municipality of Anchorage and sending an email to co-counsel about the proposed stipulation. [Bundy Invoice 2] Index number 12230949 states that on 04/06/04 Bundy spent 2.20 hours in a telephone conference with O'Connell regarding possible settlement and doing research related to the possible settlement. [Bundy Invoice 2] Index number 12649487 states that on 08/16/04 Bundy spent 1.20 hours working on this case, including a telephone conference with O'Connell regarding an extension of the briefing schedule. [Bundy Invoice 3] Index number 12746800 states that on 09/13/04 Bundy spent 2.20 hours working on the case, including a telephone conference with O'Connell regarding the stipulation for dismissal of the Municipality from the case. [Bundy Invoice 4] Index number 12746838 states that on 09/27/04 Bundy spent 1.20 hours working on the case, including a telephone conference with O'Connell regarding edits to the stipulation and emails to co-counsel about the stipulation. [Bundy Invoice 4] Index number 12914806 states that on 11/02/04 Bundy spent 0.50 hours finalizing the

stipulation with the Municipality. [Bundy Invoice 4] It thus appears from the invoice that counsel spent 11 hours on activities leading not to proving a violation of Osborne's rights by the State Defendants but on reaching a settlement agreement with another party that absolves that party of any liability. Osborne is not entitled to attorneys' fees for that time. In addition, the stipulation reached by Osborne and the Municipality expressly states that "[e]ach party shall bear its own costs and attorney's fees." [Doc. 78 at 3] Osborne therefore should not be allowed attorneys' fees for the time expended in reaching this stipulation.

Index number 13748157 states that on 08/31/05 Bundy spent 1.20 hours in a telephone conference with J. Fayette, the assistant attorney general who represented the State of Alaska in the post-conviction remand proceeding before the Alaska Superior Court. [Bundy Invoice 5] That item also indicates that the telephone conference involved the state superior court litigation, not this federal litigation. Although the proceeding in the Alaska Superior Court is related to this federal action, it is not part of the federal action, it did not follow the federal action, and success in the Alaska Superior Court was not necessary to advance the federal civil rights action. *See North Carolina Dep't of Transp. V. Crest St. Cmty. Council, Inc.*, 479 U.S. 6,14, 107 S.Ct. 336, 341, 93 L.Ed.2d 188 (1986) (no award of attorneys' fees unless they relate to services in proceedings

that are "part of or followed by a lawsuit"); *Webb v. Bd. Of Educ.*, 471 U.S. 234, 243-44, 105 S.Ct. 1923, 1928-29, 85 L.Ed.2d 233 (1985) (no compensation for attorneys' fees incurred representing plaintiff at an ancillary optional administrative hearing that occurred years before federal suit was filed). *Cf. Bartholomew v. Watson*, 665 F.2d 910, 914 (9th Cir. 1982) (attorneys' fees allowed for representation in state court proceeding, initiated after stay granted in federal litigation, that was a necessary prerequisite to resolve a federal civil rights action). That activity therefore was not directly incurred in proving a federal statutory violation and Osborne is not entitled to attorneys' fees for that time.

Two items listed in the invoice appear unreasonable and duplicative of each other. Index number 14233391 states that on 01/30/06 Bundy spent 2.5 hours in a telephone conference with undersigned counsel regarding an extension of time and drafting an opposition to the requested extension.[1] [Bundy Invoice 5] Item number 142359197 states that on 01/31/06 Bundy spent 1.20 hours drafting an opposition to the motion for an extension of time and sending an email to co-counsel about the opposition. [Bundy Invoice 5] Thus, according to the invoice, Bundy spent a total of 3.7 hours opposing a motion for

---

[1] The undersigned attorney recalls having a telephone call with Bundy on this subject. The undersigned attorney, however, recalls that the telephone conversation lasted at most 0.25 hours.

an extension of time. That activity does not warrant anywhere close to this amount of time. For an experienced attorney, devoting a full hour to opposing a motion for an extension of time may well be excessive and unreasonable. Moreover, the same activity is listed twice, suggesting that one of the entries may be in error.

Item number 19447873 of the invoice states that on 06/08/06 $66.75 was expended for the cost of a car for visiting attorney (presumably Starger). [Bundy Invoice 6] This expense, however, appears duplicative because Starger's travel costs included cab rides in Anchorage. [Doc. 124 at 6]

DATED October 2, 2006 , at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

s/ Nancy R. Simel
   Assistant Attorney General
   State of Alaska, Dept. of Law
   Office of Special Prosecutions
     and Appeals
   310 K St., Suite 308
   Anchorage, Alaska 99501
   Telephone: (907) 269-6250
   Facsimile: (907) 269-6270
   e-mail: Nancy_Simel@law.state.ak.us
   Alaska Bar. No. 8506080

**Certificate of Service**

I certify that on October 2, 2006, a copy of the foregoing

was served electronically on Robert C. Bundy, Randall S. Cavanaugh, Mary B. Pinkel and on Peter J. Neufeld, Colin Starger both at Benjamin Cardoza School of Law, 100 5th Avenue, 3rd Floor, New York, NY 10011 by regular U.S. mail.

<u>s/ Nancy R. Simel</u>