Robert C. Bundy, ABA #7206021
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com

Co-Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA

| | |
|---|---|
| WILLIAM G. OSBORNE,<br><br>                    Plaintiff,<br><br>vs.<br><br>DISTRICT ATTORNEY'S OFFICE FOR THE THIRD JUDICIAL DISTRICT, ANCHORAGE, ALASKA; SUSAN A. PARKES, DISTRICT ATTORNEY, in her official capacity; ANCHORAGE POLICE DEPT., ANCHORAGE, ALASKA; WALT MONEGAN, ANCHORAGE POLICE DEPT.<br><br>                    Defendants. | Case No. A03-0118 CV<br><br><br><br>**REPLY TO RESPONSE TO MOTION FOR ATTORNEYS' FEES** |

Defendant Anchorage District Attorney's Office and Susan A. Parkes former District Attorney in official capacity ("State Defendants") do not contest that plaintiff William Osborne is entitled to attorneys' fees under 42 U.S.C. § 1988. While the State Defendants assert that certain of the activities of Mr. Osborne's counsel do not qualify for reimbursement, the State Defendants did not provide the Court with an amount that they believe should be deducted from plaintiff's 42 U.S.C. § 1988 attorney's fees claim. They merely claim certain of Mr. Osborne's counsel that duties were unrelated to achieving

successful results. Much of the State Defendants' opposition consists of their counsel speculating on what a reasonable amount of time is required. Defense counsel's unsubstantiated claims are not the basis to deny requests for attorneys' fees.

The State Defendants object to time spent by Mr. Osborne's counsel in negotiating a settlement with the Municipality Defendants. Mr. Osborne notes that the resolution of claims against the Municipality Defendants resulted in the Municipality Defendants withdrawing their opposition to Mr. Osborne's claim for DNA testing and evidence in the possession of the Municipality. See Stipulation to Dismissal with Prejudice Against Defendants Anchorage Police Department and Walt Monegan, Anchorage Police Department Chief of Police, dated November 21, 2005, (Clerk's Docket 78). The Municipality's opposition to Mr. Osborne's claims paralleled and tracked the opposition of the State. The Municipality's withdrawal of its opposition is a significant step towards Mr. Osborne's successful prosecution of his claim.[1]

The State Defendants next contest the reasonableness of other entries of plaintiff's counsel's time based only on the State Defendants' counsel's unsworn, unsubstantiated claims about what she believes are to be the amount of time necessary to carry out certain litigation tasks. For example, the State Defendants' counsel complains about the time Osborne's counsel Robert Bundy expended in dealing with a State's request for extension of time. State Defendants' counsel omits to mention the extraordinary number of extensions requested by the State Defendants, sometimes moving the Court for an extension without first speaking with opposing counsel, over the many years this litigation has existed. While counsel for the State Defendants likely need not consult

---

[1] The provisions relating to an award of attorney's fees under 42 U.S.C. § 1988 must be liberally construed, Bartholomew v. Watson, 665 F.2d 90, 915 (9th Cir. 1982).

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Reply to Response to Motion for Attorneys' Fees        Osborne v. District Attorney's Office, et al.
Page 2 of 4                                             A03-0118 CV

with her clients about extensions of time, it takes little thought to imagine the despair and frustration of an incarcerated individual who believes the State is unfairly resisting turning over exonerating evidence. Questions of extensions of time, during which Mr. Osborne sits in prison, are not so easily resolved as the State Defendants' counsel claims. In fact, in the instance of the January, 2006, extension of time, the decision had been made among plaintiff's counsel that plaintiff should no longer tolerate the self-serving foot dragging engaged in by State Defendants' counsel and an effort was made to draft a substantial opposition citing the many unnecessary extensions the State Defendants had obtained already in the litigation. Unfortunately, perhaps believing the extension was not opposed, the court granted the extension before the plaintiff's opposition was due.

The State Defendants' claim discussions between plaintiff's counsel and another state attorney about matters common to both actions may not be the basis for an attorney's fee award. The state litigation raises many issues identical to those raised in this federal matter, so the inference is obvious that discussions with state counsel about those issues is directly related to this matter. Moreover, work having to do with related state court matters is compensable under 42 U.S.C. § 1988. <u>Bartholomew v. Watson</u>, <u>supra</u>.

Accordingly, Mr. Osborne's Motion for Attorneys' Fees should be granted in its entirety.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Reply to Response to Motion for Attorneys' Fees   *Osborne v. District Attorney's Office, et al.*
Page 3 of 4                                       A03-0118 CV

DATED this 11th day of October, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP
Co-Counsel for Plaintiff


By:   /s/ Robert C. Bundy
  Robert C. Bundy, ABA #7206021
  DORSEY & WHITNEY LLP
  1031 West Fourth Avenue, Suite 600
  Anchorage, AK 99501-5907
  (907) 276-4557
  bundy.robert@dorsey.com


CERTIFICATE OF SERVICE

This certifies that on the 11th day of October, 2006, a copy of the foregoing document was on:

| | |
|---|---|
| Randall S. Cavanaugh | Peter Neufeld and Colin Starger |
| Kalamarides & Lambert | Innocence Project |
| 711 H Street, Suite 450 | Benjamin N. Cardozo School of Law |
| Anchorage, AK 99501 | 100 Fifth Avenue, 3rd Floor |
| | New York, NY 10011 |
| | |
| Nancy Simel, Assistant Attorney General | Mary Pinkel |
| Special Prosecutions and Appeals | Municipality of Anchorage Department of Law |
| 310 K Street, Suite 308 | P.O. Box 1996650 |
| Anchorage, Alaska 99501 | 632 W. 6th Avenue, Suite 730 |
| | Anchorage, Alaska 99519-6650 |

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

     /s/ Robert C. Bundy
Robert C. Bundy, ABA #7206021
Allen F. Clendaniel, ABA #0411084
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557
bundy.robert@dorsey.com
clendaniel.allen@dorsey.com

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Reply to Response to Motion for Attorneys' Fees           *Osborne v. District Attorney's Office, et al.*
Page 4 of 4                                                                                      A03-0118 CV